1 MELINDA HAAG (CABN 132612)
United States Attorney
2
MIRANDA KANE (CABN 150630)
3 Chief, Criminal Division

4 DAMALI A. TAYLOR (CABN 262489)
Assistant United States Attorney
5     450 Golden Gate Ave., Box 36055
      San Francisco, California 94102
6     Telephone: (415) 436-7200
      Fax: (415) 436-7234
7     E-Mail: damali.taylor@usdoj.gov

8 Attorneys for Plaintiff

9                    UNITED STATES DISTRICT COURT

10                  NORTHERN DISTRICT OF CALIFORNIA

11                       SAN FRANCISCO DIVISION

12 UNITED STATES OF AMERICA,           )   No. CR 3-13-70438
                                       )
13          Plaintiff,                 )   STIPULATION AND [PROPOSED] ORDER
                                       )   DOCUMENTING WAIVER OF TIME
14     v.                              )   UNDER RULE 5.1 AND EXCLUSION OF
                                       )   TIME UNDER THE SPEEDY TRIAL ACT
15 JOHNNY WONG,                        )
                                       )
16          Defendant.                 )
                                       )
17 _____      )

18

19     The parties last appeared before the Court in this matter on April 25, 2013 for detention

20 hearing. Assistant United States Attorney Damali Taylor appeared on behalf of the United

21 States. Paul Nathan, Esquire, appeared on behalf of the defendant, JOHNNY WONG, who was

22 present and in custody. During the hearing, conditions of release were agreed upon by the parties

23 and the preliminary hearing in this matter was set for May 29, 2013. The Honorable Nandor J.

24 Vadas excluded time under both Rule 5.1 and the Speedy Trial Act.

25     The parties hereby request that the current date for preliminary hearing, May 29, 2013, be

26 continued to Friday, July 5, 2013, due to scheduling conflicts, as well defense counsel's need to

27 examine the discovery recently provided by the government and investigate the matter before

28 formal charges are filed. Accordingly, pursuant to Federal Rule of Criminal Procedure 5.1, the

STIPULATION & [PROPOSED] ORDER
CR 3-13-70438

1  Court would be required to conduct a preliminary hearing on or before July 5, 2013, unless, *inter*
2  *alia*, the defendant waives the preliminary hearing or is indicted.
3      Defense counsel further requests that, in order to review the discovery and to conduct
4  investigation necessary to effectively prepare defendant for either trial or resolution, that time be
5  excluded under the Speedy Trial Act between May 29, 2013 and July 5, 2013, the newly
6  stipulated preliminary hearing date.  Defense counsel represented that additional time is
7  necessary to review the evidence and investigate the case, and that it is in the best interests of the
8  defendant to do so before formal charges are filed.
9      The government has no objection to excluding time and the parties stipulate to an
10 exclusion of time from May 29, 2013 to July 5, 2013.  The parties agree that the ends of justice
11 served by granting such an exclusion of time outweigh the best interests of the public and the
12 defendant in a speedy trial.  18 U.S.C. § 3161(h)(7)(A).

14 SO STIPULATED:

                                        MELINDA HAAG
16                                      United States Attorney

18 DATED: May 15, 2013                   _____/s/_____
                                        DAMALI A. TAYLOR
                                        Assistant United States Attorney

21 DATED: May 15, 2013                   _____/s/_____
                                        PAUL NATHAN
                                        Counsel for the Defendant

STIPULATION & [~~PROPOSED~~] ORDER
CR 3-13-70438                                    2

[~~PROPOSED~~] ORDER

For the foregoing reasons, the Court HEREBY ORDERS that the preliminary hearing in this matter is re-set to July 5, 2013, at 9:30 a.m. The May 29, 2013 preliminary hearing date is vacated. The Court finds that good cause is shown for extending the time limits set forth in Federal Rule of Criminal Procedure 5.1(c), and, further, concludes that the extension is proper under Rule 5.1(d) and Title 18, United States Code, Sections 3060 and 3161.

The Court finds that the failure to grant the requested extension would deny counsel the reasonable time necessary for effective preparation, taking into account the exercise of due diligence. The Court finds that the ends of justice served by granting the requested extension outweigh the best interests of the public and the defendant in a speedy trial and in the prompt disposition of criminal cases. The Court also concludes that an exclusion of time from May 29, 2013 through and including July 5, 2013, should be made under Title 18, United States Code, Sections 3161(h)(7)(A) and 3161(h)(7)(B)(iv). The Court also finds that the ends of justice served by excluding the period from May 29, 2013 through and including July 5, 2013, outweigh the best interest of the public and the defendant in a speedy trial. Id. § 3161(h)(7)(A).

**IT IS SO ORDERED**.

Dated: May 17, 2013

_____
NANDOR J. VADAS
UNITED STATES MAGISTRATE JUDGE

STIPULATION & [~~PROPOSED~~] ORDER
CR 3-13-70438                                        3